# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BLOCK COMMUNICATIONS, INC., *et al.*, | : 6th Cir. Case No. 23-3584 |
| Appellants, | : |
| v. | : |
| MOORGATE CAPITAL PARTNERS, LLC, *et al.*, | : |
| Appellees. | : |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF LMC SOUTHEAST CABLE PARTNERS, LLC'S MOTION TO DISMISS APPEAL

### I.     INTRODUCTION

Block has not met its burden of establishing appellate jurisdiction.[1] Block, through new counsel, attempts to distance itself from its prior motion resulting in the Order on appeal, but this effort to re-write history and manufacture jurisdiction should be rejected.

Although Block seeks to complicate this straightforward matter, Block simply tried, but failed, to disqualify Houlihan Lokey as it neared completion of its work. (Mot. to Disqualify Houlihan Lokey (the "DQ Motion"), R. #115.)  Block did not seek to modify an "injunction"; and there was no "injunction" to modify.  The law

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in LMC SE's Motion (R. #8).

is clear that an order denying a judicial disqualification motion under 28 U.S.C. § 455(a), which was the basis for the DQ Motion, is not reviewable on appeal until a final judgment is entered. Because Block's appeal is precluded at this stage, Block tries to recharacterize the DQ Motion. This effort fails. LMC SE respectfully requests dismissal of the appeal and an award of appropriate costs.

II. **ARGUMENT**

    **A. The Order on Appeal Denied A Motion To Disqualify A Judicial Officer Under 28 U.S.C. § 455(a), Which Renders This Appeal Premature.**

Block invoked a specific federal statute to make a specific application and that carries certain consequences, including as to appealability.[2] The DQ Motion was based on the premise that Houlihan Lokey was "performing a judicial function on behalf of the Court" and thus was "held to the same high ethical standards that apply to judges, magistrates, special masters and other neutral decision-makers involved in the judicial process." (DQ Motion, R. #115-1, PAGEID #9963.) The law is clear that an order entered by a district judge refusing to disqualify himself or herself is not reviewable on appeal until final judgment. *See*, *e.g.*, *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980). The DQ Motion was based solely on

---

[2] Block attempts to have it both ways in claiming that it can move for disqualification pursuant to 28 U.S.C. § 455(a), but then ignore 28 U.S.C. § 1291, which governs the appealability of orders on such motions. (Response to Mot. to Dismiss (R. #17) ("MTD Opp.") at 15 (arguing Order on appeal is not "equivalent" to non-appealable order denying judicial recusal motion).)

2

the statute, 28 U.S.C. § 455(a), applicable to judges and other judicial officers – not by "analogy", as Block now claims, but by arguing direct application, including based on *Rockies Express Pipeline, LLC v. 4.895 Acres of Land, More or Less, in Butler County, Ohio*, No. 2:08-CV-554, 2010 WL 3001665 (S.D. Ohio July 30, 2010), which addressed § 455(a) to disqualify a Rule 71.1(h) Commissioner. (DQ Motion, R. #115-1, PAGEID #9968.)

The DQ Motion argued that "[t]hese standards apply to all neutral decisionmakers involved in the judicial process, not just judges." (*Id*.; *see also id*. at PAGEID #9969 ("Serving in a judicially-appointed valuation role requires Houlihan Lokey to hold itself 'to the same standards applicable to the conduct of judges."); *id*. ("**Houlihan Lokey must be subjected to the federal standard for disqualification of a judge**, which is whether the judge's 'impartiality might be reasonably questioned.'") (quoting 28 U.S.C. § 455(a)) (emphasis added).) Block claimed that Houlihan Lokey's "judicial function is even clearer than the Rule 71.(h) [*sic*] Commissioner in *Rockies Express*" (Reply on DQ Motion, R. #117, PAGEID #10046.) Block strategically invoked § 455(a) to avail itself of the statute's "appearance of impropriety" standard given that there is no actual conflict at issue. (DQ Motion, R. #115-1, PAGEID #9968.) The District Court denied the DQ Motion, and Block has appealed that ruling. Block does not dispute that there is no

interlocutory appellate jurisdiction over the denial of such a motion to disqualify.[3] (MTD Opp. at 15.) That should begin and end this Court's inquiry. Block should not be permitted to pretend that it made a different application than the one it actually made, that LMC SE actually opposed, and that the District Court actually denied.

### B. The DQ Motion Did Not Seek To Modify an Injunction.

Block's effort to recast the DQ Motion as one to modify an "injunction" fails for several reasons. Block cannot even identify what "injunction" the DQ Motion supposedly sought to modify. In fact, there are no "injunctions" in place. "An order 'compelling' parties to do something, ***when it resolves the merits of the dispute***, is an injunction—an order of specific performance on the merits." *Preferred Care of Delaware, Inc. v. Est. of Hopkins by & through Hopkins*, 845 F.3d 765, 770 (6th Cir. 2017) (emphasis added). There is no such order here, and Block's authorities concern dissimilar cases that confirm there is no appellate jurisdiction.

### i. None Of The District Court's Orders Is An Injunction.

Block states for the first time in its opposition to LMC SE's motion to dismiss that the "precise orders as to which [the DQ Motion] sought modification were . . .

---

[3] Block concedes that neither 28 U.S.C. § 1291 nor the collateral order doctrine confers appellate jurisdiction here. (MTD Opp. at 16.)

the orders of January 3 and June 7, 2022." (MTD Opp. at 8, n.3.)[4] The January 3, 2022 Order (R. #100) simply selected Houlihan Lokey as the valuation firm, and the June 7, 2022 Order (R. #104) resolved a dispute concerning Houlihan Lokey's engagement letter. Neither of these Orders constitutes an "injunction," and neither of them provides the substantive relief sought by LMC SE on the merits—*i.e.*, payment of the Incentive Fee. They simply relate to process and the conduct and progress of the litigation. *See*, *e.g.*, *Swanson v. DeSantis*, 606 F.3d 829, 832 (6th Cir. 2010) ("'An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction . . . .'") (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988)); *Oakland Cnty. By Kuhn v. City of Detroit*, 762 F.2d 1010 (6th Cir. 1985) (relief "does not fall under the definition of an injunction" where it "neither halted proceedings nor gave any portion of the substantive relief sought in the complaint" and was "more in the nature of a 'pretrial management order'").

Nor are any other Orders by the District Court injunctions. The earliest of the Orders cited by Block is the District Court's Order dated March 1, 2021 ("3/1/21 Order," R. #70). There, the District Court "ordered BCI and LMC SE to comply

---

[4] Block elsewhere takes issue with additional orders, characterizing each of the District Court's 3/1/21, 6/3/21, 1/3/22, and 6/7/22 Orders as "injunctive specific-performance orders." (MTD Opp. at 6-7.)

with their contractual obligations to *select* a third-party valuation firm to determine the Terminal Company Enterprise Value." (3/1/21 Order, R. #70, PAGEID #8981 (emphasis added).) The District Court then set out a *process* for *selecting* a valuation firm. (*Id.*) Those directives are not substantive relief on the merits. They are part of a procedure to determine an Incentive Fee, the payment of which by Block is the ultimate relief LMC SE seeks.[5] The 3/1/21 Order is not an injunction. *See Moglia v. Pac. Emps. Ins. Co. of N. Am.*, 547 F.3d 835, 837-38 (7th Cir. 2008) ("An injunction is an order of specific performance on the merits, a remedy for a legal wrong. An order 'to do' in the course of litigation is not an injunction unless it effectively resolves the merits in a way that would escape review later.").[6] Indeed, Block itself argued, in opposing Appellees' application for attorneys' fees following

---

[5] The remedy LMC SE seeks is a damages award of no less than $12 million for the Incentive Fee. (Counterclaims, R. #18, PAGEID #131-132.) LMC SE also requested specific performance in the alternative, but that alternative was for Block itself to engage in the valuation process and to pay the resulting Incentive Fee. (*Id.*) That is not what the District Court ordered. The District Court directed the parties to follow their contract and engage a third-party valuation firm. (3/1/21 Order, R. #70, PAGEID #8981.)

[6] Block is dismissive of *Moglia* and *In re M.T.G., Inc.*, 403 F.3d 410 (6th Cir. 2005), because "they address appeals from proceedings in bankruptcy cases." (MTD Opp. at 14.) That distinction is irrelevant. *Moglia* speaks directly to the types of orders that might constitute an injunction under § 1292(a)(1). *In re MTG* demonstrates that permitting appeals of any interlocutory order relating to ethical conflicts on the grounds that it is "effectively injunctive" would eviscerate the final judgment rule. 403 F.3d at 414. Block ignores these points.

the 3/1/21 Order, that an award of attorneys' fees was "premature" because the 3/1/21 Order merely "outlined a process for choosing a valuation firm, but the ultimate outcome of that process is undecided." (Mem. Opp., R. #91, PAGEID #9482-83.)

Even if the 3/1/21 Order were an injunction, however, Block concedes that the DQ Motion did not seek to modify that Order. Instead, Block acknowledges that the "precise orders" it sought to modify through the DQ Motion were subsequent orders by the District Court on January 3, 2022, and June 7, 2022. (MTD Opp. at 8 n.3.) Those Orders arose because the parties were unable to agree on a valuation firm, so the District Court created a *process* by which it would select the valuation firm based on the parties' submissions. That process began with an Order dated June 3, 2021 (R. #75) that outlined the selection process. That process-related order for compliance with a valuation exercise was not an injunction either. *Moglia*, 547 F.3d at 837–38 ("Judges routinely direct parties to do things—[such as] . . . ***draw up plans for compliance with some legal obligation***—without thereby entering injunctions that may be immediately appealed.") (emphasis added).

Then came the January 3, 2022 Order, in which the District Court *selected* Houlihan Lokey as the valuation firm based on the parties' submissions (Order dated Jan. 3, 2022 ("1/3/22 Order"), R. #100.) The 1/3/22 Order did not "command" anything; it simply reflects the District Court resolving the parties' inability to agree

7

on a valuation firm. The District Court stating "I select Houlihan Lokey as the third-party valuation firm" (*id.* at PAGEID #9873) is not a command or order subject to contempt. The District Court provided a schedule for the parties to contact Houlihan Lokey to see whether it accepted the appointment, and if so, the District Court requested a conflict check be submitted to the Court. (*Id.* at PAGEID #9874.) Creating a process and scheduling dates is not an "injunction" with the threat of contempt.

After Houlihan Lokey accepted the appointment, Block would not agree to contract terms proposed by Houlihan Lokey, so the parties again needed the District Court to intervene, which it did in its June 7, 2022 Order ("6/7/22 Order", R. #104). Once again, the 6/7/22 Order is a process-related order designed to advance the litigation and resolve the parties' inability to manage the valuation process for themselves. It is several steps removed from the ultimate relief sought by LMC SE (*i.e.*, the Incentive Fee) and is not an injunction.[7] The facts here are analogous to *Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 71 F.4th 827, 837 (11th Cir. 2023), which held that a district court order sending the parties

---

[7] Block's own cited authorities are in accord. *See, e.g., Cohen v. Bd. of Trustees of the Univ. of Med. & Dentistry of New Jersey*, 867 F.2d 1455, 1464 (3d Cir. 1989) (cited at MTD Opp. at 13) (certain orders, even though significant, are not injunctions where they do "not either grant or deny the ***ultimate relief*** sought by the claimant") (emphasis added).

to their own contractual ADR process that related to valuation and that would not dispose of the underlying claims or defenses was not an injunction.

### ii. Block's Cited Authorities Do Not Support Its Jurisdictional Theory.

Block argues that orders for specific performance of contracts are "injunctions." (MTD Opp. at 5.) Block relies heavily on this Circuit's decision in *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, 370 F. App'x 563 (6th Cir. 2010). But *Abercrombie* is distinguishable because the plaintiff in that case sought a judgment "***enjoining*** [defendant insurer] from failing and refusing to pay" defense costs under an insurance policy and obtained an order to that effect. *Abercrombie*, 370 F. App'x at 568.[8] Here, neither the Order on appeal nor any orders preceding it required Block to pay the Incentive Fee sought by LMC SE. The Order simply denied Block's motion to disqualify Houlihan Lokey as the valuation firm, following an earlier order

---

[8] Block highlights that in *Abercrombie*, the trial court's order did not use the words "enjoin" or "injunction." (MTD Opp. at 6, n.2.) That is beside the point because the plaintiff's complaint expressly sought to "enjoin" the defendant's conduct. *Abercrombie*, 370 F. App'x at 568. In *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 565-66 (7th Cir. 2000), the fact that the trial court did not use the "magic word 'injunction'" was irrelevant because the order—requiring specific steps to be performed under threat of contempt power—was the substantive relief Unocal sought. The order at issue in *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1222 (10th Cir. 2009), was deemed injunctive because it ordered Westar to pay a certain dollar figure for accrued unpaid legal expenses and prospectively pay Lake's future legal expenses, the substantive relief Lake had sought. Each of these instances concerns orders providing the substantive relief sought in the case, unlike here.

that selected Houlihan Lokey as the valuation firm. That is not the substantive relief on the merits sought by any party.

Block's other authorities involve distinguishable situations where there was no question that an injunction was at issue or no debate that there was jurisdiction pursuant to § 1292(a)(1). For example, in *Hayes v. Liberty Insurance*, 526 F. App'x 564, 565 (6th Cir. 2013), the plaintiff insureds sued their insurer and ***obtained a preliminary injunction*** to ensure that Liberty would pay expenses for temporary living arrangements following the discovery of asbestos in their home. Liberty subsequently moved for summary judgment and for ***dissolution of the preliminary injunction***. *Id*. Similarly, *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 509 (6th Cir. 2006), involved a motion expressly seeking ***injunctive relief*** related to the exercise of a purchase option in a sale-leaseback agreement, an order granting it, and an appeal of that order granting the injunctive relief. Block's discussion of *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 413–14 (6th Cir. 2004), is also misplaced because, again, there was undeniably an injunction in the first place. And *Linville v. Teamsters Miscellaneous & Indus. Workers Union, Loc. 284*, 206 F.3d 648 (6th Cir. 2000), as Block acknowledges, involved a motion that expressly sought "dissolution of [an] injunction." (MTD Opp. at 10.) Here, the DQ Motion that is the subject of the Order on appeal did not concern any attempt by Block to modify or dissolve a prior grant of injunctive relief.

### III.  **CONCLUSION**

LMC SE respectfully requests the Court dismiss Block's appeal for lack of appellate jurisdiction and award appropriate costs to LMC SE.

> Respectfully submitted,
>
> */s/ James D. Curphey*
> James D. Curphey (0015832)
> Jared M. Klaus (0087780)
> PORTER WRIGHT MORRIS & ARTHUR LLP
> 41 South High Street, Suite 2900
> Columbus, Ohio 43215
> Telephone: (614) 227-2047
> Facsimile: (614) 227-2100
> E-mail: jcurphey@porterwright.com
>          jklaus@porterwright.com
>
> William F. Dahill (NY Bar # 2498004)
> COVIELLO WEBER & DAHILL LLP
> 707 Westchester Avenue, Suite 300
> White Plains, New York 10604
> Telephone: (914) 461-4343
> Email: wdahill@cwdlaw.com
>
> *Attorneys for Appellees Moorgate Capital Partners, LLC, Moorgate Securities, LLC and LMC Southeast Cable Partners, LLC*

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. P. 27(d)(2)(C), I certify that this reply brief complies with the applicable type-volume limitations because it contains 2,553 words (exclusive of the caption, signature block, certificate of service, and this certificate of compliance). In certifying the number of words in the reply brief, I have relied on the word count of the word-processing system used to prepare the brief.

2. This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point, Times New Roman style.

*/s/ James D. Curphey*
James D. Curphey

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served electronically through the Court's CM/ECF system on August 11, 2023. Parties may access this filing through the Court's electronic filing system.

*/s/ James D. Curphey*
James D. Curphey